JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 11-0347-JST (MLGx)            Date:  March 10, 2011
Title:  Pourang Jahanshahi v. Jude Hannah

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                            Not Present

**PROCEEDINGS:**     (IN CHAMBERS) ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-02010-00417879

      On October 19, 2010, Plaintiff Pourang Jahanshahi commenced this unlawful detainer action in Orange County Superior Court.  On March 3, 2011, Defendant Jude Hannah filed her Notice of Removal.  Where a federal district court lacks subject matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).

      Plaintiff's Complaint does not assert any federal claims.  Moreover, it does not appear from any pleading that the parties are diverse, and, in any event the Complaint seeks relief in an amount less than $10,000.  Hence, this Court cannot exercise either federal question or diversity jurisdiction.  Rather, Defendant asserts that this Court has civil rights jurisdiction pursuant to 28 U.S.C. § 1443(1).  Specifically, Defendant claims denial of "her due process right and equal protection under the 14th Amendment to protect her tenancy" and further alleges that her "rights to equal protection under the law are non-existant [sic] in state court unlawful detainer actions." (Doc. 1)

      "[R]emoval statutes are strictly construed against removal."  *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.*  Defendant here has failed to meet her burden.

      Removal under § 1443(1) must satisfy a two-part test.

> First, the [defendants] must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-0347-JST (MLGx)            Date: March 10, 2011

Title: Pourang Jahanshahi v. Jude Hannah

> protecting equal racial civil rights. Second, [defendants] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (internal quotation marks and citations omitted). Defendant meets neither prong here. Defendant has failed to assert, as a defense in the unlawful detainer action, any "rights that are given to [her] by explicit statutory enactment protecting equal racial civil rights." *See id.* Because no such right has been alleged, it is axiomatic that Defendant has failed to assert that the state courts will not enforce "that right." Nor has she identified any state statute or constitutional provision that purports to command the state courts to ignore her federal rights. Rather, the thrust of Defendant's argument is that she was unhappy with certain evidentiary rulings in the state action. This does not provide grounds for removal.

       For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case. This case is therefore REMANDED to Orange County Superior Court, Case No. 30-2010-00417879.

       IT IS SO ORDERED.

                                             Initials of Preparer: <u>enm</u>